## ILLINOIS CENT. R. CO. v. McCALL.

(Circuit Court, E. D. Louisiana. June 1, 1904.)

No. 13,215 (1,583).

CUSTOMS DUTIES—CLASSIFICATION—DEFECTIVE RAILS—SCRAP STEEL.

Steel rails, which are new, but by reason of defects are depreciated in value, but which have not lost their character or identity as rails, are not within the provision in paragraph 122, Schedule C, § 1, Tariff Act July 24, 1897, 30 Stat. 159, c. 11 [U. S. Comp. St. 1901, p. 1637], for "scrap steel  *  *  * fit only to be remanufactured," but are dutiable as "rails," under paragraph 130, 30 Stat. 160 [U. S. Comp. St. 1901, p. 1636], even though they may be intended to be used as scrap iron.

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought against Henry McCall, collector of customs at the port of New Orleans, whose assessment of duty on an importation by the petitioners was affirmed by the Board of General Appraisers, December 31, 1903. The merchandise was classified under paragraph 130, Schedule C, § 1, Tariff Act July 24, 1897, 30 Stat. 160, c. 11 [U. S. Comp. St. 1901, p. 1637] as "T-rails," and was claimed by the importers to be dutiable under paragraph 122, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636] the pertinent portion of which reads as follows: "Cast scrap iron, and scrap steel; four dollars per ton; but nothing shall be deemed scrap iron or scrap steel except waste or refuse iron or steel fit only to be remanufactured."

The following is an extract from the opinion of the Board of General Appraisers:

"Fisher. General Appraiser. We find from the record in this case that the merchandise consists of steel rails which have been cut nearly in half, ranging from 12 to 16 feet in length.  *  * ' * It appears, further, that the rails are perfectly new, but, by reason of certain defects, their value as a commercial rail has been depreciated. However, the articles are still rails, and have not lost their character or identity as such. While it may be true, as alleged by the importers, that these rails are intended to be used by them as scrap iron, it is not satisfactorily shown that they are 'fit only' for such use. The principle involved here seems to have been well settled by the courts and this Board in Dwight v. Merritt, 140 U. S. 213, 11 Sup. Ct. 768, 35 L. Ed. 450, Downing v. U. S., 122 Fed. 445, 58 C. C. A. 427, G. A. 4,659 (T. D. 22,019), G. A. 5,325 (T. D. 24,369) and G. A. 5,369 (T. D. 24,549).

"Following these rulings, we overrule the protest and affirm the decision of the collector."

Gustave Lemle and Andrew H. Wilson, for importers.
W. W. Howe, U. S. Atty.

### Extract from Judgment.

PARLANGE, District Judge. It is now ordered, adjudged, and decreed that the decision of the Board of United States General Appraisers, appealed from, by and in this proceeding, be, and the same hereby is, in all things approved and affirmed.